# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VELASQUEZ, CDCR #D-75915, <br><br> Plaintiff, <br><br> vs. <br><br> A. BARRIOS, C. GREY, C. ROBERTSON, M. LEVIN, F. PASCUA, R. TORREZ, GONZALES, FLINT, S. THOMAS, C. HALL, N. GRANNIS; and L.E. SCRIBNER, <br><br> Defendants. | Civil No.  07c v1130 LAB (CAB) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL FILING FEE, GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];** <br><br> **AND** <br><br> **(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

Plaintiff, an inmate currently incarcerated at Pelican Bay State Prison in Crescent City, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that, while he was incarcerated at Calipatria State Prison ("CAL"), CAL prison officials failed to provide him with adequate medical care in violation of his Eighth

---

[1] The proceedings were assigned to this Court, but have been referred to Magistrate Judge Cathy Ann Bencivengo by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

Dockets.Justia.com

1  Amendment rights when they failed to provide adequate pain medication and delayed surgery
2  for his hernia condition for over sixteen months.
3      Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,
4  he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)
5  [Doc. No. 2].

## I.   Motion to Proceed IFP [Doc. No. 2]

7      All parties instituting any civil action, suit or proceeding in a district court of the United
8  States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28
9  U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only
10 if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*
11 *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however,
12 remain obligated to pay the entire fee in installments, regardless of whether their action is
13 ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847
14 (9th Cir. 2002).
15     The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.
16 § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to
17 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates
18 that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C.
19 § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil
20 action or appealing a civil action or criminal judgment for the reason that the prisoner has no
21 assets and no means by which to pay the initial partial filing fee."). Therefore, the Court
22 **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing
23 fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated
24 shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment
25 provisions set forth in 28 U.S.C. § 1915(b)(1).
26 ////
27 ////
28 ////

## II.     Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Here, the Court finds that Plaintiff's allegations that Defendants were deliberate indifferent to a serious medical need, if presumed true as they must at this stage of review, are sufficient to survive the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Lopez*, 203 F.3d at 1126-27 (9th Cir. 2000) ("The language of section 1915(e)(2), as it applies to dismissals for failure to state a claim, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'") *quoting Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Resnick*, 200 F.3d at 644 (when conducting sua sponte screening pursuant to 28 U.S.C. § 1915, court must construe pro se pleadings liberally). However, Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

## III.    Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

////

////

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

4. The Clerk shall issue the summons, provide Plaintiff with a certified copy of both this Order and his Complaint, and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in his Complaint. Plaintiff shall complete the Form 285s and forward them to the United States Marshal. The U.S. Marshal shall then serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on each U.S. Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

5. Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

////

////

1    6.    Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: August 27, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge