UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VELASQUEZ,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>A. BARRIOS; C. GRAY; C. ROBERTSON; M. LEVIN; F. PASCUA; R. TORREZ; GONZALES; FLINT, S. THOMAS; C. HALL; N. GRANNIS; L.E. SCRIBNER,<br><br>　　　　　　　　　　　Defendants. | Civil No.　07cv1130-LAB (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** [Doc. No. 19] |

　　Plaintiff David Velasquez, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff now seeks appointment of counsel. Plaintiff's motion is **DENIED** without prejudice.

　　Plaintiff has not made the showing required for appointment of counsel in civil cases. An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). Appointment of counsel in proceedings *in forma pauperis* is governed by 28 U.S.C. § 1915(d), which "confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation omitted). "The court may appoint counsel under section 1915(d) only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citation omitted). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the

1

07cv1130

merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

Plaintiff has not demonstrated a particularly high likelihood of success on the merits. Plaintiff alleges Defendants (prison medical officials) failed to provide adequate medical care and thereby subjected him to physical pain and other damages in violation of his civil rights under the Eighth Amendment. First Amended Complaint at 18-19.[1] To prevail on this claim, plaintiff will have to show that the officials were deliberately indifferent to his medical needs. "Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Prison officials demonstrate "deliberate indifference" when they are aware of the patient's condition but "deny, delay or intentionally interfere with medical treatment." *Id.* at 1096. Though a deliberate indifference claim may also rest on "the way in which prison physicians provide medical care," *McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997), mere negligence or the "inadvertent failure to provide adequate medical care," will not sustain a § 1983 claim, *Estelle*, 429 U.S. at 105. At this point, Plaintiff relies only upon the allegations in his First Amended Complaint. The likelihood of success on the merits is therefore unclear.

In addition, Plaintiff has not shown a lack of ability to articulate his claims *pro se*. Plaintiff argues that, due to his incarceration, "[h]e has very limited access to legal materials and has no ability to investigate the facts of the case . . . " Pl.'s Mot. for App't of Counsel at 2. However, incarceration and the resulting limitations on the ability to litigate are common in a § 1983 case. Plaintiff also argues that he needs counsel because he "has only a 6th grade education and has 'no' legal education at all." *Id.* But Plaintiff's previous filings with the Court, as well as the pending motion, indicate Plaintiff is capable of presenting legal and factual arguments to the Court.

---

[1] Plaintiff also alleges that the actions of some defendants "in conducting the plaintiff's medical care appeal" and the actions of other defendants "in sustaining it," violated the plaintiff's due process rights under the Fourteenth Amendment. First Amended Complaint at 18. These allegations are vague and, therefore, the likelihood of success on the merits of this due process claim is unclear.

Finally, courts should treat *pro se* litigants with great leniency. This rule is particularly important in civil rights cases. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (citations omitted). Plaintiff's papers will receive due consideration.

Based on the above, this case does not present the extraordinary circumstances required for appointment of counsel. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: November 26, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge