UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VELASQUEZ,<br><br>                                        Plaintiff,<br><br>             v.<br><br>A. BARRIOS; C. GRAY; C. ROBERTSON; M. LEVIN; F. PASCUA; R. TORREZ; GONZALES; FLINT, S. THOMAS; C. HALL; N. GRANNIS; L.E. SCRIBNER,<br><br>                                        Defendants. | Civil No.    07cv1130-LAB (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN INJUNCTION [Doc. No. 44]** |

Plaintiff David Velasquez ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983.  On February 15, 2008, Plaintiff filed an "Injunction on California Department of Corrections." [Doc. No. 44.]  In the motion for an injuction, plaintiff alleges that a lot of his "legal mail" has been coming to him opened and retaped. [Doc. No. 44 at 2.] Plaintiff apparently seeks an injunction preventing corrections officers from opening Plaintiff's mail.  *Id.*  For the reasons set forth below, plaintiff's motion is **DENIED**.

A federal court is a court of limited jurisdiction and, as a threshold matter, must have before it a case or controversy.  *Flast v. Cohen*, 392 U.S. 83, 94 (1968).  In the absence of such a case or controversy, the court has no power to hear the matter.  *Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972).  "A federal court may issue an [order] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not

before the court." *Zepeda v. United States Immigration Service,* 753 F.2d 719, 727 (9th Cir. 1985).

Here, Plaintiff's First Amended Complaint alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments.  However, Plaintiff's allegations in the current motion, that Plaintiff's mail allegedly is being illegally opened by corrections officers, were not included in the complaint.  The issuance of the order and/or injunction sought by Plaintiff in this motion would not address any of the claims alleged in current action.  Accordingly, because this Court lacks jurisdiction to issue such an order or injunction, Plaintiff's motion is **DENIED**.  *See Michael v. Napa County*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983)(stating the Court need not consider claims which are not included in the complaint).

**IT IS SO ORDERED**.

DATED:  February 25, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

07cv1130