UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VELASQUEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>A. BARRIOS; C. GRAY; C. ROBERTSON; M. LEVIN; F. PASCUA; R. TORREZ; JUAN GONZALEZ; FRANK B. FLINT; S. THOMAS; C. HALL; N. GRANNIS; and L.E. SCRIBNER,<br><br>　　　　　　　　　　Defendants. | Civil No.   07cv1130-LAB (CAB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 63] |

　　　　Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983.  On June 11, 2008, Plaintiff filed a Motion for Appointment of Counsel.  [Doc. No. 63.]  In the request, Plaintiff indicates that he is unable to afford counsel, the issues involved in the case are complex, he is in the security housing unit for 22 1/2 hours a day, and he has a reading level of 3.3.  As such, Plaintiff requests that this Court appoint an attorney who can assist him in prosecuting this civil action.  For the reasons set forth below, Plaintiff's request is DENIED.

　　　　"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his

1  claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these issues is

2  dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017

3  (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

4      Here, Plaintiff has demonstrated in a number of filings and correspondences with the Court that

5  he has a sufficient grasp of his case and the legal issues involved, and is able to adequately articulate the

6  basis of his complaint.  In addition, Plaintiff has not shown a likelihood of success or that the complexity

7  of the case requires appointment of counsel.  Under these circumstances, the Court DENIES Plaintiff's

8  request for appointment of counsel, because it is not warranted by the interests of justice. *LaMere v.*

9  *Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

10  **IT IS SO ORDERED.**

12  DATED: June 18, 2008

14  **CATHY ANN BENCIVENGO**
United States Magistrate Judge